Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Reinaldo Rivera Menéndez<br><br>Recurrido<br><br><br>vs.<br><br><br>Municipio de San Juan,<br>**Mapfre Praico Insurance Company**, Estado Libre Asociado de P.R., et al<br><br>Peticionaria | TA2026CE00344 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV05009 (801) consolidado con caso SJ2024CV010744<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2026.

Comparece Mapfre Praico Insurance Company (MAPFRE o Peticionaria) mediante Petición de *Certiorari*, quien nos solicita la revisión de la Resolución emitida el 19 de febrero de 2026,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el referido dictamen, el TPI denegó la Moción de Sentencia Sumaria instada por la Peticionaria.

Por los fundamentos que expondremos a continuación, se expide el auto de *Certiorari* y se revoca la determinación recurrida.

**I.**

El 3 de junio de 2024, el señor Reinaldo Rivera Menéndez (Sr. Rivera Menéndez o Recurrido) presentó una Demanda sobre daños y perjuicios en contra del Municipio Autónomo de San Juan (Municipio), la Peticionaria y otros codemandados. En síntesis, arguyó que el 7 de junio de 2023 sufrió una caída en la acera que

---

[1] Notificada el 20 de febrero de 2026.

discurre frente a la Ave. Roosevelt ubicada en San Juan. Especificó que la caída se debió a una rama de un árbol que se encontraba en la acera, la cual no tenía una advertencia de una condición peligrosa. A raíz de ello, el Recurrido sufrió un impedimento parcial permanente para lo cual ha incurrido en gastos médicos. Sostuvo que, en virtud del contrato entre las partes, el Municipio y el Estado Libre Asociado de Puerto Rico debían responder por la falta de mantenimiento en el lugar.

Luego de varias incidencias procesales, el 12 de diciembre de 2025, MAPFRE presentó una Moción de Sentencia Sumaria en la cual adujo que no existían hechos en controversia que impidieran la disposición del caso mediante la vía sumaria. Expuso que la Ave. Franklin Delano Roosevelt no se encuentra bajo la jurisdicción, control y mantenimiento del Municipio. Aseveró que esta vía es una servidumbre de paso correspondiente al Departamento de Transportación y Obras Públicas (DTOP) y del Estado Libre Asociado (ELA). Indicó que, conforme al Acuerdo Colaborativo entre el Departamento de Transportación y Obras Públicas (DTOP) y el Municipio Autónomo de San Juan (MSJ)-2023-000186 (Acuerdo Colaborativo), las áreas que estaban bajo el control y mantenimiento del Municipio eran la Avenida Ponce de León y la Avenida Fernández Juncos. Además, dispuso que según la Ley Núm. 107-2020, conocida como el Código Municipal de Puerto Rico, 21 LPRA sec. 7001 *et seq.* (Código Municipal), no se autorizan las acciones contra el municipio por daños y perjuicios a la persona cuando ocurran accidentes en las carreteras o aceras estatales. De modo que, la inexistencia de una reclamación en contra de su asegurado conlleva la desestimación del pleito en su contra.

En respuesta, el 12 de enero de 2026, el Sr. Rivera Menéndez presentó una Oposición a Moción Solicitando Sentencia

Sumaria en la cual insistió que en virtud del Acuerdo Colaborativo el Municipio se obligó a brindar mantenimiento a las áreas verdes de las carreteras primarias, secundarias y terciarias estatales, sin exclusión específica de ninguna vía. Arguyó que el pleito no versa sobre la titularidad de las carreteras, sino a quién le correspondía el mantenimiento de la misma. Explicó que la Exposición de Motivos de la Ley Núm. 143-2019, para enmendar el Art. 15.005 de la Ley de Municipios Autónomos, 21 LPRA sec. 4705 *ante*, se incorporó para proteger a los municipios contra reclamaciones sobre daños y perjuicios debido a los limitados recursos económicos y su precaria situación fiscal. En este caso, en vista de que el ELA realizó una transferencia de fondos mediante el Acuerdo Colaborativo, lo que los municipios no perciben el impacto negativo el cual motivó tal enmienda. Por último, detalló que la inmunidad conferida únicamente protege al Municipio más no a su aseguradora. Por ende, MAPFRE debe responder en aquellos casos en donde el asegurado actuó de forma negligente o culposa.

Así las cosas, el 23 de enero de 2026, la Peticionaria presentó una Breve Réplica a Oposición de Moción de Sentencia Sumaria. Adujo que, conforme a la deposición del señor Denis Agosto, Director de la Oficina de Conversación y Ornato del Municipio de San Juan, el Acuerdo Colaborativo limitó el mantenimiento a (3) avenidas estatales, a saber: Ave. Ponce de León, Ave. Piñeiro y Ave. Muñoz Rivera. Además, conforme a su testimonio, el mantenimiento de la Ave. Roosevelt era atendido por contratistas del ELA y personal del DTOP. La Peticionaria señaló que la declaración del Sr. Agosto fue consistente por lo que la interpretación del Recurrido resulta forzada y contraria al récord del caso. Por último, argumentó que, conforme a lo expresado por el Tribunal Supremo en *González Meléndez v. Municipio de San Juan*, 212 DPR 601 (2023), aun cuando exista un Acuerdo

Colaborativo, el Código Municipal establece una inmunidad absoluta que no admite excepciones judiciales ni contractuales. Según este pronunciamiento, cuando existe un vínculo directo entre el accidente y el hecho de que ocurrió en una carretera estatal, "resulta inmaterial discutir si el Municipio tuvo control del área o si incurrió en negligencia". Así las cosas, reiteró su solicitud de desestimación basada en el impedimento legal y la jurisprudencia vigente.

Posteriormente, el 27 de enero de 2026, el ELA presentó su Oposición a Solicitud de Sentencia Sumaria. Indicó que según surgió de la deposición del Recurrido, el accidente se debió al impacto de una rama de un árbol, más no por un desperfecto relacionado con la acera. Además, señaló que el Acuerdo Colaborativo suscrito por las partes no limitó las obligaciones al mantenimiento de (3) carreteras del Municipio. Asimismo, el convenio dispuso que el Municipio releva de responsabilidad al DTOP "por actos u omisiones de éste, sus empleados, agentes o representantes por reclamaciones de daños a terceras personas o a la propiedad relacionada con el desempeño del PROYECTO". Mediante este acuerdo, el Municipio también se obligó a endosar una póliza de seguros a favor del DTOP "para cubrir el cumplimiento de sus obligaciones y cualquier daño a terceros bajo este CONVENIO". Finalmente, arguyó que el factor de que el Municipio no estuviese realizando mantenimiento en la Ave. Roosevelt no limita su obligación conforme al Acuerdo Colaborativo. Por lo que, el ELA tampoco debe responder por los daños del Recurrido.

Por su parte, el 9 de febrero de 2026, el Sr. Rivera Menéndez presentó una Dúplica a Réplica en la cual señaló que la Réplica presentada por MAPFRE trata de una segunda solicitud de sentencia sumaria en vista de que incluye hechos incontrovertibles

que no fueron esbozados en su moción dispositiva. Además, expresaron que este documento meramente constituye una argumentación basada en la deposición del Sr. Agosto. Reiteró que los anejos alegados por Mapfre no formaron parte del Acuerdo Colaborativo y no tienen pertinencia al caso que nos ocupa.

Atendidas las posturas de las partes, el 19 de febrero de 2026, el TPI emitió una Resolución. Concluyó que si bien existe una inmunidad que cobija a los Municipios en cuanto a los accidentes ocurridos en las aceras por falta de mantenimiento, esta norma no puede ser interpretada hasta el absurdo de entender que es infinita. Agregó que reconocer la inmunidad absoluta obligaría a resolver que, aun cuando el municipio deposite navajas negligentemente sobre una acera estatal, estaría exento de responsabilidad por las cortaduras que los transeúntes sufran al caminar.

El foro primario sostuvo que en este caso existe una acción directa en contra de la aseguradora en virtud de la Ley Núm. 77 de 19 de junio de 1957, conocido como Código de Seguros de Puerto Rico, 26 LPRA sec. 101 *et seq.* Igualmente, destacó que la legislación vigente no permite que la aseguradora invoque la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de la misma.

Inconforme, el 20 de marzo de 2026, MAPFRE acudió ante nos mediante Petición de Certiorari. Mediante este recurso, la Peticionaria alegó la comisión de los siguientes errores:

> *Primer Error: Erró el TPI al determinar que el MSJ le responde a la parte recurrida en virtud de un Acuerdo Colaborativo, aun cuando se demostró que el MSJ no realizaba ningún trabajo de mantenimiento de áreas verdes en la acera de la Ave. Roosevelt para la fecha de los hechos.*

*Segundo Error: Erró el TPI al determinar que MAPFRE debe permanecer en el pleito mediante acción directa a pesar de haberse decretado la inexistencia de una causa de acción contra su asegurado, aplicando incorrectamente las disposiciones del Código de Seguros.*

*Tercer Error: Erró el TPI al determinar que no procede extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora, a pesar de la ausencia clara de responsabilidad legal de su asegurado.*

Por su parte, el 6 de abril de 2026, el Estado Libre Asociado presentó un Alegato en Oposición. Igualmente, el 9 de abril de 2026, el señor Rivera Menéndez presentó su Oposición a *Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

## A.

El auto *Certiorari* es un recurso extraordinario, mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor, para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR*, 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención interlocutoria de este Tribunal de Apelaciones para revisar ciertas resoluciones, entre ellas, **la denegatoria de una moción de carácter dispositivo**. Nuestra autoridad se activa de mediar alguna de las instancias

contempladas en la precitada regla procesal. Ello, pues, la Regla 52.1 establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847-848 (2023) (citando a R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, a la pág. 533).

No obstante, una vez se adquiere jurisdicción a tenor con la Regla 52.1 de Procedimiento Civil, *supra,* la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> *B. Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> *C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al. v. BBVAPR,* a la pág. 338; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez, supra,* a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

**B.**

Es norma reiterada que, la sentencia sumaria es la herramienta procesal que procura la solución rápida, justa y económica de aquellos casos en los que no existen hechos materiales en controversia que ameriten la celebración de un juicio. *Soto y otros v. Sky Caterers,* 2025 TSPR 3, 215 DPR ___ (2025); *Oriental Bank v. Caballero García,* 212 DPR 678 (2023). A tales fines, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite la presentación de una moción de sentencia sumaria respaldada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

Cónsono con lo anterior, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. 3, instaura los requisitos de forma

respecto a esta moción y su oposición. Véase, además, *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 472 (2023). En particular, el inciso (a) de la precitada disposición reglamentaria establece las siguientes formalidades que debe exhibir la solicitud de sentencia sumaria:

> *(1) Una exposición breve de las alegaciones de las partes;*
>
> *(2) los asuntos litigiosos o en controversia;*
>
> (3) *la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
>
> *(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
>
> (5) *las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
>
> (6) *el remedio que debe ser concedido.* 32 LPRA Ap. V, R. 36. 3(a).

Ahora bien, la concesión de este mecanismo procesal no es automática, por lo que, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *León Torres v. Rivera Lebrón*, 204 DPR 20, 44 (2020); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018).[2] Para ello, tiene que cumplir con los requisitos de la Regla 36.3(b) y (c) de Procedimiento Civil, *supra*. *Oriental Bank v. Caballero García, supra*, a la pág. 680. Así que, no podrá descansar solamente en aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar de forma específica. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede. 32 LPRA Ap. V, R. 36.3(c). Véanse, además, *Oriental Bank v. Caballero García, supra*, a la pág. 680; *Roldán Flores v. M. Cuebas et al., supra*, a la pág. 677 (2018).

---

[2] Según la jurisprudencia, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García, supra*, a la pág. 679.

Una vez se presente la solicitud de sentencia sumaria y su respectiva oposición conforme a los requisitos discutidos, el foro primario deberá: (1) analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. *Consejo Tit. v. Rocca Dev. Corp. et als.*, 25 TSPR 6, 215 DPR __ (2025); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 933 (2010). En cuanto a los documentos presentados, "éstos deben verse de la forma más favorable para la parte promovida, concediéndole a ésta el beneficio de toda inferencia razonable que se pueda derivar de ellos". *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716, 735 (1994); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714, 721 (1986).

Por otro lado, como regla general, no es aconsejable dictar sentencia sumaria si hay asuntos de credibilidad que ameritan la celebración de un juicio. A tales efectos, el Tribunal Supremo de Puerto Rico ha validado la aplicación de este mecanismo siempre y cuando no existan controversias esenciales sobre hechos materiales:

> *[N]o es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa. Soto v. Hotel Caribe Hilton, 137 DPR 294 (1994). Sin embargo, esto no impide utilizar el mecanismo de sentencia sumaria en reclamaciones que requieren elementos subjetivos o de intención —como pasa en un caso de discrimen— cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que no existe controversia en cuanto a los hechos materiales. Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010).

Efectuado ese análisis, el tribunal podrá dictar sentencia sumaria "si queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y

que es innecesaria una vista en los méritos". *Birriel Colón v. Econo y otro*, 213 DPR 80, 91 (2023); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 337 (2021). En efecto, la concesión de este recurso procede si de la prueba que acompaña a la moción surge preponderantemente la inexistencia de controversia sobre hechos medulares. *CSM v. ELA*, 2025 TSPR 78, 216 DPR ___ (2025); *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024). Es decir, el foro primario deberá dictar sentencia sumaria cuando ante los hechos materiales no controvertidos: (1) el promovido no puede prevalecer frente al derecho aplicable, y (2) el tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Oriental Bank v. Caballero García, supra,* a la pág. 679; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012).

De modo similar, el tribunal puede desestimar por la vía sumaria por insuficiencia de la prueba, lo cual implica que (1) no es necesario celebrar una vista evidenciaria; (3) que el promovido no cuenta con prueba suficiente para probar un hecho esencial; y que, (3) como cuestión de derecho, procede que se desestime la reclamación. *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716, 734 (1994). Véanse, además, *Ramos Pérez v. Univisión, supra,* a las págs. 217-218; *Reyes Sánchez v. Eaton Electrical*, 189 DPR 586, 595-596 (2013). No obstante, si el foro primario identifica hechos esenciales en controversia le corresponderá denegar la solicitud de sentencia sumaria y establecer aquellos hechos controvertidos e incontrovertidos, según exige la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4.

### C.

Según el Art. 1.053 del Código Municipal se dispone que

> ***No estarán autorizadas las acciones contra el municipio por daños y perjuicios*** *a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:*

*(a) En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.*

*(b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.*

*(c) En la imposición o cobro de contribuciones.*

*(d) Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.*

*(e) Ocurrida fuera de la jurisdicción territorial de Puerto Rico.*

*(f) En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.*

**(g) Cuando ocurran accidentes en las carreteras o aceras estatales***.*

*[…]*  (Énfasis suplido).

Nuestro Tribunal Supremo tuvo la oportunidad de examinar el inciso pertinente a esta controversia en el caso *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023). En su análisis de la legislación vigente, el Foro Supremo determinó que esta medida protectora está limitada a la eventualidad de que ocurra un accidente en una carretera o acera estatal. *Id.* a la pág. 616. Siendo así, resultó "inmaterial discutir si el Municipio mantuvo la servidumbre de paso en condiciones razonables, pues el legislador limitó su responsabilidad como cuestión de política pública". *Id.* a la pág. 620. De modo que, si se cumple con alguno de los preceptos enumerados en el Art. 15.005 de la derogada Ley de Municipios Autónomos, equivalente al At. 1.053 de la legislación vigente, nos encontramos "**ante una limitación para demandar a los municipios, para la cual no existe una excepción en ley**". *Id.* (Énfasis suplido). **Por lo que, ante una lista *numerus clausus*, únicamente el legislador podrá variarla.** *Id.* (Énfasis suplido).

## D.

En nuestra jurisdicción, la industria de los seguros está revestida de un gran interés público debido a su importancia, complejidad y efecto en la economía y la sociedad. *Jiménez López*

*et al. v. SIMED*, 180 DPR 1, 8 (2010); *S.L.G. Francis-Acevedo v. SIMED*, 176 DPR 372 (2009); *Echandi Otero v. Stewart Title*, 174 DPR 355 (2008). Por motivo de ello, dicha industria es reglamentada extensamente por el Estado mediante la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como "Código de Seguros de Puerto Rico", 26 LPRA sec. 101, *et seq.*; rigiendo el Código Civil de manera supletoria. *Jiménez López et al. v. SIMED, supra*; *SLG Francis-Acevedo v. SIMED, supra*.

El Art. 1.020 del Código de Seguros de Puerto Rico, 26 LPRA sec. 102, define el contrato de seguro como aquel "mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". El propósito de todo contrato de seguro es la indemnización y la protección en caso de producirse el suceso incierto previsto en éste. *OCS v. CODEPOLA*, 202 DPR 842 (2019). Así, mediante este tipo de contrato se transfiere el riesgo a la aseguradora a cambio de una prima y surge una obligación por parte de ésta de responder por los daños económicos que sufra el asegurado en caso de ocurrir un evento específico. *Aseg. Lloyd's London v. Cía. Des. Comercial*, 126 DPR 251 (1990).

El Tribunal Supremo explicó que, las controversias "relacionadas a la responsabilidad del asegurador, según una póliza de seguro, frente a un tercero perjudicado por los actos y las omisiones del asegurado, específicamente, el desarrollo de las normas relacionadas con los Arts. 20.010 y 20.030 del Código de Seguros, 26 LPRA secs. 2001 y 2003, respectivamente". *SLG Albert-García v. Integrand Asrn.*, 196 DPR 382, 389 (2016).

Cónsono con lo anterior, el Art. 20.010 establece que:

*El asegurador que expidiere una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la propiedad de una tercera persona, será responsable cuando ocurriere una pérdida cubierta por*

*dicha póliza, y el pago de dicha pérdida por el asegurador hasta el grado de su responsabilidad por la misma, con arreglo a la póliza, no dependerá del pago que efectúe el asegurado en virtud de sentencia firme dictada contra él con motivo del suceso, ni dependerá de dicha sentencia.*
*26 LPRA sec. 2001.*

Del mismo modo, la legislación dispone que:

*(1) La persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. La acción directa contra el asegurador se podrá ejercer solamente en Puerto Rico. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, sino que también la cuantía de la pérdida. Cualquier acción incoada conforme a este Artículo estará sujeta a las condiciones de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.*

*(2) En una acción directa incoada por la persona que sufriere los daños y perjuicios contra el asegurador, éste está impedido de interponer aquellas defensas del asegurado basadas en la protección de la unidad de la familia u otras inmunidades similares que estén reconocidas en el ordenamiento jurídico de Puerto Rico.*
*[…]* 26 LPRA sec. 2003.

A raíz de ello, se determinó que existe una causa de acción directa a favor del tercero perjudicado y contra el asegurador, la cual es distinta y separada de la causa de acción que pudiese tener ese tercero contra el asegurado. *SLG Albert-García v. Integrand Asrn., supra*, a la pág. 393. Sobre el seguro de responsabilidad con los municipios, el Art. 20.050 dispone que "el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de la misma". 26 LPRA sec. 2004 (2).

Ahora bien, la jurisprudencia ha establecido que una reclamación en contra de la aseguradora no surgirá en caso de que el asegurado no haya incurrido en actos u omisiones culposas o negligentes. *SLG Albert-García v. Integrand Asrn., supra*, a las págs. 393-394. Bajo el análisis del historial legislativo se resolvió

que "no procede una interpretación que pretenda imputar responsabilidad absoluta al asegurador aún en ausencia de negligencia o culpa del asegurado". *SLG Albert-García v. Integrand Asrn., supra*, a la pág. 394.

Sabido es que una aseguradora no puede responder por lo que en derecho es inexistente. *Admor. FSE v. Flores Hnos. Cement Prods.*, 107 DPR 789, 794 (1978). Pues no se trata de una defensa personal que puede levantar el asegurado y de la cual la aseguradora esta impedida de beneficiarse de ella. *Id.* Más bien, trata sobre la inexistencia de la causa de acción en contra del municipio. *Id.*

**III.**

En el recurso ante nos, MAPFRE solicitó la revocación de la Resolución emitida por el TPI. Mediante el referido dictamen, el foro primario determinó que existen hechos en controversia los cuales impiden la disposición del caso mediante la vía sumaria. Sostuvo que MAPFRE debía permanecer en el pleito, toda vez que existe una acción directa en contra de la aseguradora. Lo anterior, a pesar de que le reconoció la inmunidad al Municipio en cuanto a las reclamaciones de daños por los accidentes sufridos en las aceras estatales.

Conforme adelantáramos, al momento de revisar una determinación del foro de instancia respecto a una solicitud de sentencia sumaria, estamos llamados a realizar una revisión de *novo* y limitarnos únicamente a adjudicar las controversias con los documentos que obran en el expediente ante el foro *a quo*.

Al examinar la Moción de Sentencia Sumaria presentada por MAPFRE, juzgamos que cumplió sustancialmente con los requisitos esbozados en la Regla 36.3 (a) de Procedimiento Civil, *supra*. En su solicitud incluyó una lista limitada de hechos

incontrovertidos, fundamentados por una Certificación de Jurisdicción, el Acuerdo Colaborativo y un plan de trabajo para la Ave. Ponce de León, la Ave. Piñeiro y el Expreso Muñoz Rivera.

Por otro lado, la Oposición a Moción de Sentencia Sumaria presentada por la apelante, cumplió a cabalidad con los requisitos que le impone la Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Resaltamos que el Recurrido expuso las controversias persistentes que impiden la disposición del caso sumariamente. Además, acompañó su escrito con la deposición del Sr. Agosto, el Acuerdo Colaborativo y una serie de correos electrónicos.

En cumplimiento con nuestra función revisora, encontramos que, la Resolución recurrida cumple con los requisitos de forma establecidos en la Regla 36.4 de las de Procedimiento Civil. Como consecuencia, acogemos las determinaciones de hechos del foro primario y las hacemos formar parte de esta Sentencia. Ahora bien, el TPI consignó que lo siguientes hechos constituyen un obstáculo para disponer de la controversia de autos: (1) si el área donde se alega ocurrió el incidente está incluido en dicho Acuerdo Colaborativo y (2) si el Municipio era responsable del mantenimiento de las áreas verdes de la Ave. Roosevelt. Concluyó que existe una inmunidad que no permite las acciones de daños y perjuicios en contra de los municipios por los daños ocurridos como consecuencia de las condiciones físicas de las aceras. A pesar de ello, sostuvo que existe una reclamación directa en contra de la Peticionaria.

En desacuerdo, MAPFRE argumenta que, ante la ausencia de una reclamación contra su asegurado, esta tampoco responde por los daños sufridos por el Sr. Rivera Menéndez. Por estar íntimamente relacionados se discutirán los señalamientos de error en conjunto.

Luego de un análisis de los documentos ante nuestra consideración y del derecho vigente, resolvemos que el foro recurrido incidió en su determinación al no desestimar la reclamación instada en contra de MAPFRE. Es claro que, en el caso que nos ocupa no estamos frente a una controversia de hechos materiales sino ante una controversia de derecho.

En el caso de marras, el Recurrido alegó que sufrió un accidente debido al impacto con una rama que obstruía la acera que ubica en la Ave. Roosevelt. Por su parte, MAPFRE presentó una Certificación de Jurisdicción que evidencia que la Ave. Franklin Delano Roosevelt no se encuentra bajo la jurisdicción, control o mantenimiento del Municipio. De los hechos incontrovertidos esgrimidos en la Resolución surge que "[l]a Avenida Franklin Delano Roosevelt en San Juan es la carretera estatal PR-23". Nótese que el ELA no negó que la avenida, y por consiguiente la acera, no fuera una estatal. Su comparecencia se limitó a señalar el incumplimiento del Municipio sobre las cláusulas del convenio en cuanto al mantenimiento de las áreas verdes, sin exclusión de ninguna carretera en particular. Además, arguye que, en virtud del referido convenio, el Municipio renunció a la inmunidad conferida en ley.

Conforme a lo dispuesto por el Tribunal Supremo resulta inmaterial quien posee el dominio o la responsabilidad de mantenimiento de una acera. *González Meléndez v. Mun. San Juan et al.*, *supra.* El único análisis aplicable es el vínculo directo entre un accidente y el hecho de que ocurra en una acera propiedad del Estado. *Id.* Nótese que la ley aplica esta inmunidad independientemente de que el accidente se deba a un desperfecto en la acera o por elementos que se encuentren en ella. Basta con que el accidente esté vinculado con una acera estatal. En consecuencia, el Municipio no viene obligado a responder por

virtud de la normativa vigente. Tampoco nos convence el argumento relacionado a la renuncia sobre la inmunidad estatutaria, recordemos que nuestro ordenamiento jurídico no permite los pactos contrarios a la ley, la moral o al orden público.

A tono con lo anteriormente discutido, tampoco corresponde mantener a la aseguradora en el pleito. Como norma general, una aseguradora no podrá invocar la defensa de inmunidad gubernamental en ninguna acción incoada en contra del asegurador con arreglo a dicha póliza. 26 LPRA sec. 2004. Sin embargo, la jurisprudencia establece que no procede una reclamación en contra de la aseguradora en caso de que el asegurado no haya incurrido en actos u omisiones culposas o negligentes. *SLG Albert-García v. Integrand Asrn., supra.* Del mismo modo, una aseguradora no puede responder por lo que en derecho es inexistente. *Admor. FSE v. Flores Hnos. Cement Prods., supra.*

Por su parte, tanto el ELA como el señor Rivera Menéndez sostienen que, en virtud del acuerdo colaborativo entre las partes, cualquier póliza a favor del Municipio se extiende al DTOP, sus agentes, representantes, funcionarios y empleados, para cubrir el cumplimiento de sus obligaciones y cualquier daño a terceros bajo el convenio. Sin embargo, luego de una revisión exhaustiva del expediente ante nuestra consideración, notamos que el mismo se encuentra huérfano de prueba en cuanto a la póliza expedida por MAPFRE. Por tal razón, no nos encontramos en posición para atender este argumento.

Ciertamente, en este caso el Recurrido está limitado, pues la legislación no autoriza una reclamación en daños contra el Municipio por accidentes en las aceras estatales. En consecuencia, no se puede extender el contrato de seguros para cubrir una responsabilidad por la cual no responde el asegurado.

Resulta claro que, es improcedente una reclamación de daños en contra de la aseguradora mediante una acción directa. Pues, ante la inexistencia de una reclamación contra el Municipio por impedimento legal, MAPFRE tampoco enfrenta una reclamación por la cual deba responder por medio de su póliza. Resolver lo contrario contrarresta los objetivos entablados en la Exposición de Motivos que busca proteger a los municipios.

En resumen, erró el foro de instancia al no desestimar la reclamación de daños, por concluir que el Recurrido tenía una causa de acción directa en contra de la aseguradora.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Sentencia, expedimos el auto de *Certiorari*, y revocamos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan. En consecuencia, desestimamos, con perjuicio, la causa de acción presentada en contra de la aseguradora.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones